## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

LEROY CARMAN                              :

    Petitioner                          :

v                                         :        Civil Action No. WMN-07-738

KATHLEEN GREEN                            :
and OFFICE OF THE ATTORNEY GENERAL
                                          :
    Respondents

o0o
### MEMORANDUM

Pursuant to court order of April 2, 2007, Respondents have filed an answer to the above-captioned Petition for Writ of Habeas Corpus alleging it should be dismissed as untimely.  Paper No. 9.  Petitioner has filed a Response in Opposition asserting the petition is timely because it is filed within one year of the date a state-imposed impediment was removed.  Paper No. 13 at p. 7.  Upon review of the papers filed, the court finds no need for an evidentiary hearing.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6.  *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to hearing under 28 U.S.C. § 2254(e)(2)).

### Background

In the Circuit Court for Charles County, Maryland, on November 12, 1993, Petitioner entered an *Alford*[1] plea to three counts of armed robbery with a deadly weapon and three counts of use of a handgun in the commission of a felony.  Paper No. 9 at Ex. 1.  Petitioner was subsequently sentenced to serve three consecutive five-year non-parolable sentences for the handgun offenses and sixty years for the robbery counts, all but 30 years suspended.  The

_____

[1] *See North Carolina v. Alford* , 400 U.S. 25 (1970).

aggregate 30-year state term was made concurrent with Petitioner's unrelated federal sentences.

Under Maryland law Petitioner could have filed an application for leave to appeal his guilty plea,

but he elected not to do so.  Accordingly, Petitioner's conviction became final on December 13,

1993, when the time for filing an application for leave to appeal expired.

The Antiterrorism and Effective Death Penalty Act of 1996 became law April 24, 1996.

Among the changes made by this law was the addition of a one-year statute of limitations in non-

capital cases for persons convicted in a state court.  Persons such as Petitioner whose convictions

were finalized before April 24, 1996, had one year from the effective date, i.e., until April 23,

1997, to file a petition for writ of habeas corpus in federal court. *See Brown v. Angelone*, 150

F.3d 370, 375 (4th Cir. 1998). This one-year period is, however, tolled while properly filed post-

conviction proceedings are pending. *See* 28 U.S.C. §2244(d)(2). *Harris v. Hutchinson*, 209 F.3d

325, 328 (4th Cir. 2000); *Hernandez v. Caldwell*, 225 F. 3d 435, 438 (4th Cir. 2000).   Petitioner

failed to comply with the filing deadline.  The one-year limitation was not tolled by properly filed

post-conviction proceedings as Petitioner filed his first post-conviction petition on January 5,

1999, well after the filing deadline had passed.  Petitioner contends that his petition should be

considered timely under an exception to the one-year filing deadline.

### Standard of Review

Under 28 U.S.C.§ 2244(d)(1) the one year limitation begins to run:

> from the latest of-- (A) the date on which the judgment became
> final by the conclusion of direct review or the expiration of the
> time for seeking such review; (B) the date on which the
> impediment to filing an application created by State action in
> violation of the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing by such State
> action; (C) the date on which the constitutional right asserted was

initially recognized by the Supreme Court, if the right has been
newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or (D) the date on which
the factual predicate of the claim or claims presented could have
been discovered through the exercise of due diligence.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002), *citing Harris* 209 F. 3d at 330. To be entitled to equitable tolling, Petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*.

## Analysis

Petitioner asserts his petition was filed within one year of "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). He claims his guilty plea was not voluntary because he was led to believe that if his Maryland sentence was wholly concurrent with his federal sentences he would be entitled to receive all diminution of confinement credits from Maryland authorities on the portion of his sentence he served in federal custody. It was not until he was transferred to the custody of Maryland Division of Correction that he learned he would not be receiving certain special project credits on the portion of his sentence spent serving both the Maryland and the

3

federal terms of incarceration.

To the extent that Petitioner did not discover how many diminution of confinement

credits he would receive on his Maryland sentence until he was in the physical custody of

Maryland, his claim is one for equitable tolling of the statute of limitations.  There is nothing to

suggest, however, that Petitioner's physical custody status in a federal prison was a state created

impediment for purposes of filing limitations.

According to the claims raised in the petition, Petitioner was released from federal

custody into the custody of Maryland on April 11, 2000.[2]  Paper No. 13 at p. 2.  He claims he

began attempting to obtain a copy of the transcript of his guilty plea proceeding approximately

six months after he arrived in Maryland custody.  *Id*. at pp. 4 – 5.   He asserts it took until 2004 to

---

[2] At the same time, Petitioner pursued award of the diminution of confinement credits by
filing an administrative remedy procedure request on August 13, 2002.  Paper No. 13 at p. 6 and
Ex. 9.  Initially he was told his grievance was meritorious in part and that his term of
confinement was under review for program assignment and application of diminution credits for
time spent in federal custody.  *Id*.   Two years later he was told he did not qualify for special
project credits for assignment to an educational program or to a prison industries program during
his stay in federal custody because he was not in federal custody pursuant to *Nelson v. Collins*,
700 F.2d 145 (4th Cir. 1983).  *Id*. at p. 6.  Petitioner seeks to revisit the propriety of his plea
agreement, claiming if he had known he would not be entitled to special project credits he would
not have agreed to the terms of the plea bargain.  In short, the sole basis for Petitioner's challenge
to the validity of his plea bargain is his entitlement to diminution of confinement credits.
      Violation of a state law which does not infringe upon a specific constitutional right is
cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect
which inherently results in a complete miscarriage of justice."  *Hailey v. Dorsey*, 580 F.2d 112,
115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U. S. 424, 428 (1962)).  A dispute over
diminution credits does not rise to this level.  *See Willeford v. Estelle*, 538 F.2d 1194, 1197 (5th
Cir. 1976).  The Court notes that in any event the credits which Petitioner claims should be
applied to his sentence require his participation in certain programs offered in the prison and are
not automatically applied to anyone's term of confinement.  Thus the nature of the credits
claimed belie Petitioner's protestations that he was improperly induced to agree to the plea
bargain at issue.

find out the transcripts had been destroyed in a tornado in April of 2002. *Id*. at p. 5. He filed a

post-conviction petition in January of 2005 and received a copy of the transcript "10 minutes

prior to the January 3, 2006, Post Conviction hearing." *Id*. The post-conviction court granted

Petitioner the belated right to file a motion for reconsideration, but denied all other relief on

April 18, 2006. Paper No. 9 at p. 4; and Ex. 1. Petitioner's application for leave to appeal the

post-conviction decision was denied on January 29, 2007. *Id*.

      Petitioner has not presented adequate grounds for equitable tolling of the filing limitation

nor has he presented evidence that another exception to the one-year filing deadline applies to

this case. Petitioner discovered he would not receive the diminution credits at issue in 2004.

The instant petition was filed on March 21, 2007. Accordingly, the Petition for Writ of Habeas

Corpus shall be dismissed as untimely by separate order which follows.

_10/17/07_
Date

William M. Nickerson
Senior United States District Judge

5